# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1254V
Filed: February 7, 2025

| | |
|---|---|
| WILLIAM BARTOSZEK,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*Anne Carrion Toale*, Mctlaw, Sarasota, FL, for petitioner.
*Neil Bhargava*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On September 14, 2017, petitioner, William Bartoszek, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barré Syndrome (GBS) caused-in-fact by a Prevnar-13 vaccine he received on July 13, 2016. (ECF No. 1.)

On August 27, 2024, a ruling on entitlement was issued, finding petitioner entitled to compensation for his GBS. On February 7, 2025, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $135,938.14, including $135,000 for pain and suffering and $938.14 in unreimbursable expenses. (ECF No. 144.) In the Proffer, respondent represented that petitioner agrees with the proffered award. (*Id.* at 2.) Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

2

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $135,938.14, representing $135,000.00 in compensation for pain and suffering and $938.14 in compensation for unreimbursable expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

WILLIAM BARTOSZEK,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 17-1254V (ECF)
Special Master Horner

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 14, 2017, William Bartoszek ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that he suffered from Guillain-Barre syndrome ("GBS") following administration of a Prevnar-13 vaccine he received on July 13, 2016. ECF No. 1 at 1. On June 29, 2018, respondent file his Rule 4(c) Report, stating that the petition was not appropriate for compensation and recommending that the petition be dismissed. ECF No. 26. On April 18, 2023, petitioner filed a motion for a ruling on the record. ECF No. 123. Respondent filed his response on June 20, 2023, and petitioner filed a reply on September 6, 2023. ECF Nos. 123, 126. On August 27, 2024, the Special Master issued a decision finding that petitioner was entitled to compensation. ECF No. 133.

    I.    **Items of Compensation**

        a.  <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$135,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      b. Unreimburseable Expenses

Respondent proffers that petitioner should be awarded **$938.14** in unreimburseable expenses. *See* 42 U.S.C. § 300aa-15(a)(1). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. §300aa-15(a). Petitioner agrees.

## II.   Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

    a. A lump sum payment of **$135,938.14**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

                                      Respectfully submitted,

                                      BRETT A. SHUMATE
                                      Acting Assistant Attorney General

                                      C. SALVATORE D'ALESSIO
                                      Director
                                      Torts Branch, Civil Division

                                      HEATHER L. PEARLMAN
                                      Deputy Director
                                      Torts Branch, Civil Division

                                      ALEXIS B. BABCOCK
                                      Assistant Director
                                      Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

/s/ *Neil Bhargava*
NEIL BHARGAVA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-3989
Email: neil.bhargava@usdoj.gov

Dated: February 7, 2025